**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**SAMUEL ACKER, PHILLIP DAVIDSON,**  **PLAINTIFFS**
**and TERRY MORROW, individually, and on
behalf of all others similarly situated**

v.   No. 4:20-cv-00852 DPM

**PROTECH SOLUTIONS, INC.**   **DEFENDANT**

**BRIEF IN SUPPORT OF
EMERGENCY MOTION TO QUASH AND
TO SHORTEN RESPONSE TIME**

Defendant Protech Solutions, Inc. ("Protech") submits this brief in support of its Emergency Motion to Quash and to Shorten Response Time.

**Introduction**

On July 30, 2020, at 5:00 p.m., plaintiffs filed a notice of intent to serve a document subpoena issued to Arkansas Department of Workforce Services. (Doc. 17). The subpoena commands ADWS to respond by 10:00 a.m. Tuesday, August 4, 2020. (Doc. 17-1). On July 30, 2020, at 5:07 p.m., defendant's counsel received a notice of deposition for Protech's corporate representative. *See* Exhibit "1" to Protech's motion. The deposition is scheduled to begin at 11:00 a.m. Monday, August 3, 2020. *See* Exhibit "1" to Protech's motion. On July 30, 2020, at 5:09 p.m., plaintiffs filed a notice of intent to subpoena the deposition of Charisse Childres, ADWS's Director. (Doc. 18). That deposition is scheduled to begin at 11:00 a.m. Tuesday, August 4, 2020. (Doc. 18-1).

The deposition notice and the subpoenas should be quashed. The parties have not had their Rule 26(f) conference, and plaintiffs have not sought the Court's leave to conduct the discovery

they seek. In addition, the deposition notice and the subpoenas do not allow for a reasonable response time and are unduly burdensome.

## Argument

Rule 26(d)(1) states that a party may not seek discovery from any source before the Rule 26(f) conference unless authorized by court order. Fed. R. Civ. P. 26(d)(1). Rule 30(a)(2)(A)(iii) requires a party to obtain leave of court if the party seeks to take a deposition before the Rule 26(f) conference. Fed. R. Civ. P. 30(a)(2)(A)(iii). Rule 45(d)(3)(A) states that the court must quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i), (iv).

Rather than file a motion for an order authorizing the early discovery, plaintiffs noticed the deposition of Protech's 30(b)(6) representative for Monday, August 3, 2020, at 11:00 a.m., less than one and a half business days from the time of service of the notice. The subpoenas to ADWS also have an unreasonably short fuse. Moreover, plaintiffs have not articulated any basis for obtaining the early discovery they seek.

## Conclusion

For the foregoing reasons, Protech respectfully submits that the deposition notice and the subpoenas should be quashed.

Respectfully submitted,

James L. Phillips
Bar Number 2007161
jim.phillips@hmflaw.net
Guy W. Murphy, Jr.
Bar Number 85115
guy.murphy@hmflaw.net
Sam Patterson
Bar Number 2017020
HYDEN, MIRON & FOSTER, PLLC
901 N. University Avenue

Little Rock, Arkansas 72207
(501) 376-8222 – phone
(501) 376-7047 – fax