# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS

SAMUEL ACKER, *et al*., individually, and on behalf of all others similarly situated,

    Plaintiffs,

v.

PROTECH SOLUTIONS, INC.,

    Defendant.

Case No. 4:20-cv-852-DPM

Chief Judge D. Price Marshall, Jr.

## **AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

For its Amended Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint (Doc. 21), defendant Protech Solutions, Inc. ("Protech") states as follows:

1. Protech does not have sufficient information to either admit or deny the allegations in paragraph 1 and, therefore, denies the same.

2. Protech does not have sufficient information to either admit or deny the allegations in paragraph 2 and, therefore, denies the same.

3. Protech does not have sufficient information to either admit or deny the allegations in paragraph 3 and, therefore, denies the same.

4. Protech does not have sufficient information to either admit or deny the allegations in paragraph 4 and, therefore, denies the same.

5. Protech does not have sufficient information to either admit or deny the allegations in paragraph 5 and, therefore, denies the same.

6. Protech does not have sufficient information to either admit or deny the allegations in paragraph 6 and, therefore, denies the same.

7. Protech does not have sufficient information to either admit or deny the allegations in paragraph 7 and, therefore, denies the same.

8. Protech admits the allegations in paragraph 8.

9. Protech admits that from the face of plaintiffs' well-pleaded complaint the Court has subject matter jurisdiction.

10. Protech admits the allegations in paragraph 10.

11. Protech denies the allegations in paragraph 11.

12. Protech admits that it has a contract with the Arkansas Department of Commerce, Division of Workforce Services ("DWS") relating to the Pandemic Unemployment Assistance ("PUA") Program. The contract speaks for itself. Protech denies the remaining allegations in paragraph 12.

13. Protech denies the allegations in paragraph 13.

14. Protech denies the allegations in paragraph 14.

15. Protech admits that the PUA website was taken offline on or around May 15, 2020. Protech does not have sufficient information to either admit or deny the remaining allegations in paragraph 15 and, therefore, denies the same.

16. Protech admits that the PUA Application System was temporarily taken offline and that certain applicants' accounts are being reviewed for fraudulent activity. Protech denies the remaining allegations in paragraph 16.

17. Protech does not have sufficient information to either admit or deny the allegations in paragraph 17 and, therefore, denies the same.

18. Protech does not have sufficient information to either admit or deny the allegations in paragraph 18 and, therefore, denies the same.

19. Protech does not have sufficient information to either admit or deny the allegations in paragraph 19 and, therefore, denies the same.

20. Protech denies the allegations in paragraph 20.

21. Protech denies the allegations in paragraph 21.

22. Protech denies the allegations in paragraph 22.

23. The GAO Report speaks for itself. Protech does not have sufficient information to either admit or deny the allegations in paragraph 23 and, therefore, denies the same.

24. The website referenced in paragraph 24 speaks for itself. Protech does not have sufficient information to either admit or deny the allegations in paragraph 24 and, therefore, denies the same.

25. Protech does not have sufficient information to either admit or deny the allegations in paragraph 25 and, therefore, denies the same.

26. Protech does not have sufficient information to either admit or deny the allegations in paragraph 26 and, therefore, denies the same.

27. The study referenced in paragraph 27 speaks for itself. Protech does not have sufficient information to either admit or deny the allegations in paragraph 27 and, therefore, denies the same.

28. The GAO report speaks for itself. Protech does not have sufficient information to either admit or deny the allegations in paragraph 28 and, therefore, denies the same.

29. Protech does not have sufficient information to either admit or deny the allegations in paragraph 29 and, therefore, denies the same.

30. Protech does not have sufficient information to either admit or deny the allegations in paragraph 30 and, therefore, denies the same.

31. The DATA BREACH AND ENCRYPTION HANDBOOK speaks for itself, and Protech denies the allegations in paragraph 31.

32. The DATA BREACH AND ENCRYPTION HANDBOOK speaks for itself, and Protech denies the allegations in paragraph 32.

33. Protech does not have sufficient information to either admit or deny the allegations in paragraph 33 and, therefore, denies the same.

34. Protech does not have sufficient information to either admit or deny the allegations in paragraph 34 and, therefore, denies the same.

35. Protech does not have sufficient information to either admit or deny the allegations in paragraph 35 and, therefore, denies the same.

36. Protech admits that Acker is not locked out of the PUA Application System. Protech denies the remaining allegations in paragraph 36.

37. Protech denies the allegations in paragraph 37.

38. Protech does not have sufficient information to either admit or deny the allegations in paragraph 38 and, therefore, denies the same.

39. Protech does not have sufficient information to either admit or deny the allegations in paragraph 39 and, therefore, denies the same.

40. Protech does not have sufficient information to either admit or deny the allegations in paragraph 40 and, therefore, denies the same.

41. Protech admits that Davidson is presently not locked out of the PUA Application System. Protech denies the remaining allegations in paragraph 41.

42. Protech denies the allegations in paragraph 42.

43. Protech does not have sufficient information to either admit or deny the allegations in paragraph 43 and, therefore denies the same.

44. Protech does not have sufficient information to either admit or deny the allegations in paragraph 44 and, therefore denies the same.

45. Protech does not have sufficient information to either admit or deny the allegations in paragraph 45 and, therefore denies the same.

46. Protech denies the allegations in paragraph 46.

47. Protech denies the allegations in paragraph 47.

48. Protech does not have sufficient information to either admit or deny the allegations in paragraph 48 and, therefore, denies the same.

49. Protech does not have sufficient information to either admit or deny the allegations in paragraph 49 and, therefore, denies the same.

50. Protech does not have sufficient information to either admit or deny the allegations in paragraph 50 and, therefore, denies the same.

51. Protech denies the allegations in paragraph 51.

52. Protech does not have sufficient information to either admit or deny the allegations in paragraph 52 and, therefore, denies the same.

53. Protech denies the allegations in paragraph 53.

54. Protech denies the allegations in paragraph 54.

55. Protech does not have sufficient information to either admit or deny the allegations in paragraph 55 and, therefore, denies the same.

56. Protech does not have sufficient information to either admit or deny the allegations in paragraph 56 and, therefore, denies the same.

57. Protech does not have sufficient information to either admit or deny the allegations in paragraph 57 and, therefore, denies the same.

58. Protech denies the allegations in paragraph 58.

59. Protech denies the allegations in paragraph 59.

60. Protech does not have sufficient information to either admit or deny the allegations in paragraph 60 and, therefore, denies the same.

61. Protech denies the allegations in paragraph 61.

62. Protech denies the allegations in paragraph 62.

63. Protech denies the allegations in paragraph 63.

64. Protech does not have sufficient information to either admit or deny the allegations in paragraph 64 and, therefore, denies the same.

65. Protech does not have sufficient information to either admit or deny the allegations in paragraph 65 and, therefore, denies the same.

66. Protech does not have sufficient information to either admit or deny the allegations in paragraph 66 and, therefore, denies the same.

67. Protech does not have sufficient information to either admit or deny the allegations in paragraph 67 and, therefore, denies the same.

68. Protech denies the allegations in paragraph 68.

69. Protech denies the allegations in paragraph 69.

70. Protech denies the allegations in paragraph 70.

71. Protech does not have sufficient information to either admit or deny the allegations in paragraph 71 and, therefore, denies the same.

72. Protech does not have sufficient information to either admit or deny the allegations in paragraph 72 and, therefore, denies the same.

73. Protech does not have sufficient information to either admit or deny the allegations in paragraph 73 and, therefore, denies the same.

74. Protech does not have sufficient information to either admit or deny the allegations in paragraph 74 and, therefore, denies the same.

75. Protech does not have sufficient information to either admit or deny the allegations in paragraph 75 and, therefore, denies the same.

76. Protech denies the allegations in paragraph 76.

77. Protech denies the allegations in paragraph 77.

78. Protech denies the allegations in paragraph 78.

79. Protech denies the allegations in paragraph 79.

80. Protech denies the allegations in paragraph 80.

81. Protech denies the allegations in paragraph 81.

82. Protech denies the allegations in paragraph 82.

83. Protech denies the allegations in paragraph 83.

84. Protech denies the allegations in paragraph 84.

85. Protech denies the allegations in paragraph 85.

86. Protech denies the allegations in paragraph 86.

87. Protech denies the allegations in paragraph 87.

88. Protech denies the allegations in paragraph 88.

89. Protech denies the allegations in paragraph 89.

90. Protech denies the allegations in paragraph 90.

91. Protech restates and incorporates by reference its responses to the allegations in paragraphs 1-90 as though fully set forth herein.

92. Protech denies the allegations in paragraph 92.

93. Protech denies the allegations in paragraph 93.

94. Protech denies the allegations in paragraph 94.

95. Protech denies the allegations in paragraph 95.

96. Protech denies the allegations in paragraph 96.

97. Protech denies the allegations in paragraph 97.

98. Protech denies the allegations in paragraph 98.

99. Protech denies the allegations in paragraph 99.

100. Protech denies the allegations in paragraph 100.

101. Protech denies the allegations in paragraph 101.

102. Protech restates and incorporates by reference its responses to the allegations in paragraphs 1-101 as though fully set forth herein.

103. Protech denies the allegations in paragraph 103.

104. Protech denies the allegations in paragraph 104.

105. Protech denies the allegations in paragraph 105.

106. Protech denies the allegations in paragraph 106.

107. Protech restates and incorporates by reference its responses to the allegations in paragraphs 1-106 as though fully set forth herein.

108. Protech denies the allegations in paragraph 108.

109. Protech denies the allegations in paragraph 109.

110. Protech denies the allegations in paragraph 110.

111. Protech denies the allegations in paragraph 111.

112. Protech denies the allegations in paragraph 112.

113. Protech denies the allegations in paragraph 113.

114. Protech denies the allegations in paragraph 114.

115. Protech denies the allegations in paragraph 115.

116. Protech denies that plaintiffs are entitled to the relief requested in their prayer for relief.

117. Protech also requests a jury trial on all issues triable to a jury.

118. Protech denies each and every allegation in plaintiffs' Amended Class Action Complaint not specifically admitted herein.

119. Pleading affirmatively, Protech states that the Amended Class Action Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

120. Pleading affirmatively, Protech states that the Amended Class Action Complaint should be dismissed due to lack of a justiciable controversy.

121. Pleading affirmatively, Protech states that plaintiffs lack standing.

122. Pleading affirmatively, Protech states that the Amended Class Action Complaint fails to allege an injury-in-fact that is redressable by the Court.

123. Pleading affirmatively, Protech states that the claims asserted in the Amended Class Action Complaint are not ripe for review.

124. Pleading affirmatively, Protech states that the claims asserted in the Amended Class Action Complaint are or will become moot.

125. Pleading affirmatively, Protech states that it is immune from liability for the claims asserted in the Amended Class Action Complaint, in whole or in part, based on sovereign immunity and/or the acquired-immunity doctrine.

126. Pleading affirmatively, Protech states that one or more plaintiffs are not a real party in interest and that the Amended Class Action Complaint should be dismissed pursuant to Rule 17 of the Federal Rules of Civil Procedure.

127. Pleading affirmatively, Protech states that one or more plaintiffs lack capacity to sue and that the Amended Class Action Complaint should be dismissed pursuant to Rule 17 of the Federal Rules of Civil Procedure

128. Pleading affirmatively, Protech states that plaintiffs' claims are preempted by federal law.

129. Pleading affirmatively, Protech states that the Amended Class Action Complaint should be dismissed due to failure to exhaust administrative remedies.

130. Pleading affirmatively, Protech states that this Court should abstain under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); and *Younger v. Harris*, 401 U.S. 37 (1971).

131. Pleading affirmatively, Protech states that the Amended Class Action Complaint should be dismissed for failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.

132. Pleading affirmatively, Protech states that any and all damages allegedly sustained by plaintiffs and putative class members were proximately caused by their own negligence and that such negligence serves as a complete bar to any recovery plaintiffs and putative class members might have, or in the alternative, diminishes their recovery by their pro rata share of fault.

133. Pleading affirmatively, Protech states that any and all damages allegedly sustained by plaintiffs and putative class members were proximately caused by the negligence of persons or entities over whom or which Protech had no control.

134. Pleading affirmatively, Protech states that the damages allegedly sustained by plaintiffs and putative class members were caused by an unforeseeable, superseding and/or intervening cause for which Protech is not liable.

135. Pleading affirmatively, Protech states that the Amended Class Action Complaint should be dismissed due to contributory negligence.

136. Pleading affirmatively, Protech states that the Amended Class Action Complaint should be dismissed because Protech owes no legal duty to plaintiffs and putative class members.

137. Pleading affirmatively, Protech states that the Amended Class Action Complaint is barred by estoppel, license, payment, release, immunity, and waiver.

138. Pleading affirmatively, Protech states that plaintiffs and putative class members have failed to mitigate their alleged damages.

WHEREFORE, defendant Protech Solutions, Inc. prays that plaintiffs' Amended Class Action Complaint be dismissed, for its costs and attorneys' fees, and for all other relief to which it may prove entitled.

Respectfully submitted,

Eric L. Samore *(pro hac vice)*
IL Bar No. 6181345
ESamore@salawus.com
Molly A. Arranz *(pro hac vice)*
IL Bar No. 6281122
MArranz@salawus.com
Ronald D. Balfour, Esq. *(pro hac vice)*
IL Bar No. 6307658

RBalfour@salawus.com
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
Tel: (312) 894-3200
Fax: (312) 894-3210
*Attorneys for Defendant,*
PROTECH SOLUTIONS, INC.


James L. Phillips
Bar Number 2007161
jim.phillips@hmflaw.net
Guy W. Murphy, Jr.
Bar Number 85115
guy.murphy@hmflaw.net
Sam Patterson
Bar Number 2017020
sam.patterson@hmflaw.net
HYDEN, MIRON & FOSTER, PLLC
901 N. University Avenue
Little Rock, Arkansas 72207
(501) 376-8222 - phone
(501) 376-7047 – fax

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 23, 2020, he caused to be served Protech Solutions, Inc.'s **Amended Answer and Affirmative Defenses** on all attorneys of record using the CM/ECF system, which will send notification of such filing to all counsel of record at their email addresses on file with the Court.

[x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: November 23, 2020.

Ronald D. Balfour, Esq. *(pro hac vice)*
IL Bar No. 6307658
RBalfour@salawus.com
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
Tel: (312) 894-3200
Fax: (312) 894-3210
*Attorney for Defendant,*
PROTECH SOLUTIONS, INC.