## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

SAMUEL ACKER, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PROTECH SOLUTIONS, INC.,

Defendant.

Case No. 4:20-cv-852-DPM

Chief Judge D. P. Marshall Jr.

## AGREED CONFIDENTIALITY ORDER

Plaintiffs Samuel Acker, Phillip Davidson, Terry Morrow, Arlan Peckham, Aaron Shepard, and Roger Winneberger III (collectively, "Plaintiffs") and Defendant Protech Solutions, Inc. ("Protech") (collectively, the "Parties") agree that in the course of discovery it likely will be necessary for one or more parties to disclose certain information relating to the subject matter of this action that is sensitive, proprietary, or personally identifying information and may be subject to applicable state or federal privacy statutes. *See*, e.g., the examples of "Confidential Information" in paragraph 2. The Parties agree that such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties have jointly requested the entry of this Protective Order to limit the disclosure, dissemination, and use of certain categories of confidential information.

For good cause shown, the Court grants the Parties' joint request and hereby enters the following Protective Order.

NOW, THEREFORE, the Court orders as follows:

1. **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that it reasonably and good faith believes is confidential, non-public information, including but not limited to: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation.**

   (a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or

disclosed.

(b) A third-party producing documents or providing information, or a party in response to such production, may designate such documents or information during the course of this litigation as Confidential Information.

4. **Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the 30th day after the transcript is delivered to any party. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. **Protection of Confidential Material.**

(a) General Protections. Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b) Limited Third-Party Disclosures. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Information to any third

person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the Parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions or court appearances;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such

conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

6. **Inadvertent Failure to Designate.**

(a) Non-privileged documents. An inadvertent failure to designate a document as Confidential Information does not waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

(b) Privileged documents. If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity, or a party's confidentiality obligations to a third-party, is or has been inadvertently produced in this action, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protection, or other ground for withholding to which any producing party would otherwise be entitled, and shall instead be treated as if there were no disclosure. If any producing party or non-party identifies such production materials, the recipient of the materials agrees that it will (1) return, sequester, or destroy the specified information and any copies it has; (2) delete any versions of the materials on any database it maintains; (3) retrieve all electronic and

paper copies of the materials provided to any third parties, including experts; (4) destroy any notes that reveal the substance of the protected information; and (5) make no use of the information contained in the materials. The party returning the materials may challenge the privilege designation by presenting the information under seal to the Court, pursuant to Federal Rule of Civil Procedure 26(b)(5).

7. **Filing of Confidential Information.** Information designated as "Confidential" must not be filed on the public docket. If practicable, it should be redacted. FED. R. CIV. P. 5.2. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

8. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating

party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

      (b)    **Judicial Intervention.** If any dispute arises about confidentiality or materials subject to this Order, the parties will address it using the Discovery Disputes procedure in the Court's Final Scheduling Order.

    10.    **Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

    11.    **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without publicly disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

    12.    **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

      (a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Obligations on Conclusion of Litigation.**

(a) The Court retains jurisdiction to enforce this Order for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties and signatories.

(b) Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), shall upon request be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the

notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: 12 January 2021

_____
U.S. District Judge

## ATTACHMENT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| SAMUEL ACKER, *et al.*, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 4:20-cv-852 |
| v. | Chief Judge D. Price Marshall, Jr. |
| PROTECH SOLUTIONS, INC., | |
| Defendant. | |

## ACKNOWLEGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for Eastern District of Arkansas in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    _____

Signature