FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 2 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SAMUEL ACKER, ET AL.                                     PLAINTIFFS

V.                        NO. 4:20-CV-852-DPM

PROTECH SOLUTIONS, INC.                           DEFENDANT

## BRIEF IN SUPPORT OF TRACEPOINT, LLC'S MOTION TO QUASH

Comes Tracepoint, LLC ("Tracepoint"), by its attorneys, Barber Law Firm PLLC, and for its Motion to Quash Plaintiff's Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure, does hereby state:

## INTRODUCTION AND OVERVIEW

This putative class action arises from the alleged exposure of personal information of claimants for Pandemic Unemployment Assistance ("PUA") with Defendant Protech Solution, Inc.'s administration of the State of Arkansas's PUA application system. Plaintiffs' claims arise from an alleged data security incident discovered on or about May 15, 2020. (Doc. 24).

Tracepoint is a data forensics and cybersecurity incident response firm with a primary place of business at 10300 Spotsylvania Ave, Suite 101, Fredericksburg, VA 22408. **Exhibit A**, Declaration of Stacey Levy, ¶ 2. Tracepoint does not regularly

conduct business in person within 100 miles of Little Rock, Arkansas. **Declaration of Stacey Levy,** ¶ 11.

Tracepoint was retained on May 15, 2020, by Clark Hill, PLC, legal counsel for the State of Arkansas Division of Workforce Services ("ADWS"), to investigate and advise Clark Hill, PLC in connection with the potential data incident to allow Clark Hill, PLC to evaluate ADWS's compliance obligations and prepare for potential litigation. **Declaration of Stacey Levy,** ¶¶ 3-4; **Exhibit B**, Declaration of Melissa K. Ventrone, ¶ 3. The work of Tracepoint was coordinated by and conducted under the supervision and at the direction of attorneys at Clark Hill, PLC. **Declaration of Stacey Levy,** ¶ 5. The focus of the engagement was to provide information about the potential breach to the attorneys at Clark Hill, PLC in order for them to advise ADWS and the State of Arkansas about preparing for and defending potential litigation. **Declaration of Stacey Levy,** ¶ 6.

At all times, Tracepoint took precautions to maintain and preserve the confidentiality and privilege of the underlying materials and materials created by Tracepoint. **Declaration of Stacey Levy,** ¶¶ 7-9. Tracepoint conducted its investigation with the understanding that the investigation and all related materials were privileged, confidential, and to be provided only to the attorneys at Clark Hill, PLC. **Declaration of Stacey Levy,** ¶ 7.

At the request and direction of Clark Hill, PLC, Tracepoint provided a report about the cyber incident to Clark Hill, PLC, to be utilized solely to allow Clark Hill, PLC to evaluate ADWS's compliance obligations and to prepare for anticipated litigation. **Declaration of Melissa K. Ventrone, ¶ 4; Declaration of Stacey Levy, ¶ 10.** The report was for Clark Hill's benefit in order to allow Clark Hill to properly advise ADWS on its legal obligations. **Declaration of Melissa K. Ventrone, ¶ 4.** The report was treated and labeled as highly confidential and privileged and was not provided to ADWS or Protech Solutions, Inc. **Declaration of Melissa K. Ventrone, ¶ 5.** No waiver of confidentiality or privilege has been provided to Tracepoint. **Declaration of Stacey Levy, ¶ 11.**

On March 10, 2021, the Plaintiffs issued a Subpoena to Produce Documents, Information, or Objects to Tracepoint for the production of various documents and materials at McDaniel, Wolff & Benca, PLLC, 1307 West Fourth Street, Little Rock, Arkansas on April 1, 2021. (Doc. 59, 59-1). Counsel for the Plaintiffs and Tracepoint conferred and agreed to an extension until April 8, 2021, for Tracepoint to respond to the subpoena.

As reflected on the face of the subpoena and in the objections served by Tracepoint, the subpoena is procedurally and substantively improper. The subpoena seeks production of privileged communications and work product prepared by

Tracepoint in connection with its investigation. Tracepoint timely served its objections to the subpoena on April 7, 2021. A copy of the objections is attached as **Exhibit C**.

Notwithstanding the objections raised by Tracepoint, the Plaintiffs and Tracepoint were unable to reach an agreement for the Plaintiffs to withdraw or limit the subpoena, necessitating the present motion. The issuance of a subpoena to request documents is governed by Rule 45 of the Federal Rules of Civil Procedure. While Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *See Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

Rule 26 plainly provides that a party may only discover information "that is relevant to any party's claim or defense and *proportional* to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis supplied). It has been recognized that, "[i]f the relevance is not apparent, the party seeking the discovery has the burden of showing the relevancy of the request." *Davis v. Union Pac. R.R. Co.*, 2008 U.S. Dist. LEXIS 67290, 5 (E.D. Ark. 2008).

Rule 45 further provides that a subpoena may command production of documents only "at a place within 100 miles of where the person resides, is employed,

or regularly transacts business in person." *See* Fed. R. Civ. P. 45(c)(2)(A). A subpoena is required to be quashed when the subpoena "requires a person to comply beyond the geographical limits specified in Rule 45(c)." *See* Fed. R. Civ. P. 45(d)(3)(A)(ii). A subpoena is also required to be quashed when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *See* Fed. R. Civ. P. 45(d)(3)(A)(iii). Finally, the district court where compliance is required may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential . . . commercial information." *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

Rule 45 authorizes a motion to quash where the moving party has a claim of right or privilege with respect to the materials being sought by the subpoena. *Hendricks*, 275 F.R.D. at 253 n.1; *see also Larson Mfg. Co. of S.D. v. W. Showcase Homes, Inc.*, 2017 U.S. Dist. LEXIS 160471, at *8 (D.S.D. Sep. 29, 2017) (compiling cases); *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2013 U.S. Dist. LEXIS 171483, at *4 (E.D. Ark. Dec. 5, 2013); *Coffeyville Res. Ref. & Mktg. LLC v. Liberty Surplus Ins. Corp.*, 2008 U.S. Dist. LEXIS 91224, at *3 (E.D. Ark. Nov. 6, 2008). For the reasons discussed below, the subpoena must be quashed.

## ARGUMENT

As a threshold matter, the subpoena does not comply with the geographic limitations of Rule 45, and the subpoena must be quashed. Additionally, the subject

subpoena is overbroad and not proportional to the needs of the case. Finally, the subpoena requests documents that are privileged, confidential, or otherwise protected from disclosure by federal and state law. Consequently, the present motion should be granted.

### a. The subpoena does not comply with the geographic limitation of Rule 45.

The subject subpoena duces tecum is directed to Tracepoint, which is based in Fredericksburg, Virginia, for the production of various documents and materials at a law firm in Little Rock, Arkansas. The subpoena is facially invalid, because it commands the productions of documents at a place—Little Rock, Arkansas—that is more than 100 miles from the place where Tracepoint regularly transacts business in person—Fredericksburg, Virginia. *See* Fed. R. Civ. P. 45(c)(2)(A).

"[A] nonparty can only be compelled by an issuing court to produce documents within certain geographical limitations, usually no more than 100 miles from the nonparty's location." *Beal Bank Nev. v. Bus. Bank of St. Louis*, 2011 U.S. Dist. LEXIS 141591, at *6 (W.D. Mo. Dec. 8, 2011); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 380-81 (W.D. Pa. 2005) ("In other words, a nonparty can only be compelled by an issuing court to produce documents within 'certain geographic limitations, usually no more than 100 miles from the nonparty's location."). A subpoena is defective and unenforceable if the designated place for production is

beyond 100 miles from where the non-party "regularly conducts business in person." *See McKinsey v. Kinecta Alt. Fin. Servs.*, 2016 U.S. Dist. LEXIS 174591, at *2 (D. Neb. Feb. 9, 2016); *Smith v. Frac Tech Servs.*, 2010 U.S. Dist. LEXIS 98751, at *6 (E.D. Ark. Sep. 1, 2010) ("The subpoenas issued out of this district to out-of-state companies are improper and must be quashed.").

Here, the subject subpoena exceeds the geographic restriction of Rule 45. Tracepoint does not regularly conduct business in person within 100 miles of Little Rock, Arkansas. **Declaration of Stacey Levy,** ¶ 11. The rule requires any subpoena that does not comply with the 100-mile limitation to be quashed. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii). On this basis alone, the Court must quash the subpoena under Rule 45.

### b. The subpoena is duplicative, overbroad, and not proportional to the needs of this case.

The subject subpoena is also overbroad and not proportional to the needs of this case. A subpoena should be quashed where it is "so broad" that it would be impractical to expect the responding party to respond without producing a significant amount of information which will not lead to production of admissible evidence. *See EnviroPak Corp. v. Zenfinity Capital, LLC*, No. 4:14CV00754 ERW, 2014 U.S. Dist. LEXIS 132499, at *15-16 (E.D. Mo. Sep. 22, 2014).

The documents requested are duplicative of discovery requests propounded to Defendant Protech Solutions, Inc. (Doc. 60). Any non-privileged documents embraced by the subpoena that are relevant to Plaintiffs' claims are in the custody or possession of Defendant Protech Solutions, Inc. (Doc. 60). Through discovery propounded to Protech Solutions, Inc., Plaintiffs can discover evidence of Protech Solutions, Inc.'s activities as administrator of the Pandemic Unemployment Assistance ("PUA") application system, the cause of the alleged data breach, and Protech Solutions, Inc.'s response to the alleged breach. "Protech has not received any report, analysis or investigation from Tracepoint," (Doc. 60, p. 2), because such materials are confidential, privileged, and the work product of attorneys for ADWS. Any non-privileged, non-confidential materials are available from ProTech Solutions, Inc.

"[S]erving a document subpoena on a nonparty to confirm what was already produced by a party is not reasonable to avoid undue burden or expense, or proportional to the needs of the case." *ACI Worldwide Corp. v. MasterCard Techs., LLC*, No. 8:14CV31, 2016 U.S. Dist. LEXIS 86019, at *20 (D. Neb. July 1, 2016). Trial courts have an obligation to "police burdensome and excessive discovery." *See Cont'l Res., Inc. v. C&D Oilfield Servs.*, 2015 U.S. Dist. LEXIS 94061, at *18-19 (D.N.D. July 20, 2015). The subpoena issued to Tracepoint is duplicative of ongoing discovery

8

among the parties, overly broad, and not proportional to the needs of the case. Accordingly, the Court should quash the subpoena.

### c. The subpoena seeks documents protected by the attorney-client privilege and work-product doctrine.

The subpoena's unqualified document requests embrace privileged documents and communications between the attorneys for ADWS and Tracepoint and related work product. Communications subject to the attorney-client privilege are protected from discovery under Rule 26, which itself circumscribes the scope of Rule 45. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").

Under Rule 26, a party can assert its own claim of work product in moving to quash a subpoena. *See Cont'l Res., Inc. v. C&D Oilfield Servs.*, 2015 U.S. Dist. LEXIS 94061, at *7 (D.N.D. July 20, 2015). "Work product may consist of raw factual information, or it may include the attorney's mental impressions, conclusions, opinions or legal theories." *Whitney v. Franklin Gen. Hosp.*, 2015 U.S. Dist. LEXIS 53943, at *26 (N.D. Iowa Apr. 23, 2015) (internal quotations omitted). A subpoena that seeks production of documents falling within the attorney-client privilege and work-product doctrine must be quashed. *See id.*

Arkansas law provides the contours of the attorney-client privilege in this case. *See* Fed. R. Evid. 501; *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1202 (8th Cir. 2015). Under Arkansas law, communications between an attorney, an attorney's client, and an attorney's representative are privileged. *Schipp v. GMC*, 457 F. Supp. 2d 917, 922 (E.D. Ark. 2006); *Holt v. McCastlain*, 357 Ark. 455, 461-65, 182 S.W.3d 112, 117-19 (2004). Reports generated in furtherance of the representation and privileged communications made at the direction of the attorney are protected work product. *Schipp*, 457 F. Supp. 2d at 922; *Holt*, 357 Ark. at 461-65, 182 S.W.3d at 117-19.

The law in this circuit aligns with *Holt*. Communications about a data breach made between counsel and consultants retained by counsel are protected by the attorney-client privilege. *In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-2522 (PAM/JJK), 2015 U.S. Dist. LEXIS 151974, at *11 (D. Minn. Oct. 23, 2015). Where the communications are made to inform counsel about the breach so that "attorneys could provide the company with legal advice and prepare to defend the company in litigation," the communications fall within the attorney-client privilege. *Id.* (citing *Rabushka v. Crane Co.*, 122 F.3d 559, 565 (8th Cir. 1997). The work-product doctrine also protects these communications and materials prepared in furtherance of the legal representation and engagement. *See id.*

Here, the subpoena requests communications between Tracepoint and the law firm that retained Tracepoint. The subpoena also seeks reports and other documents generated as a result of privileged communications between Clark Hill, PLC, its client, and Tracepoint. The subpoena is overly broad and infringes upon the attorney-client privilege and the work-product doctrine. The subpoena falls outside the scope of the discovery rules, and the Plaintiffs cannot be permitted to invade privileged and confidential communications involving Tracepoint. Therefore, the subpoena should be quashed.

### d. The subpoena seeks privileged information protected by Arkansas and federal law.

The Plaintiffs' subpoena requests materials protected by the government privilege pursuant to Arkansas statute and federal regulations. The law governing the Arkansas Division of Workforce Services, codified at Ark. Code Ann. § 11-10-301, *et seq.*, provides:

> Except as otherwise provided in this section, information obtained by the director from any employing unit or individual pursuant to the administration of this law and any determination as to the rights or status of any employer or individual made by the director pursuant to the administration of this law shall be held confidential and shall be protected by government privilege.
>
> . . .
>
> The information shall not be used in any action or proceeding before any court, administrative tribunal, or body, except those created by this

> law, unless the Division of Workforce Services is a party, a real party in interest, or a complainant therein or unless the litigation involves criminal actions brought under the provisions of this chapter.
>
> This information shall not be otherwise disclosed or be open to public inspection in any manner revealing the individual's or employing unit's identity.

Ark. Code Ann. §11-10-314(a)(1)-(2)

The statute requires that information obtained by ADWS pursuant to the agency's administration of the enabling statutes cannot be disclosed or used in any proceeding before any court unless ADWS is a party. Here, the subpoena would require Tracepoint to produce records which are confidential and subject to government privilege (and the attorney-client privilege and work-product doctrine) pursuant to section § 11-10-314. The requested records contain information obtained pursuant to the determination of rights or status of any employer or individual, which may not be used in any action or proceeding before any court or administrative tribunal or body except those created by the statutory regime or if ADWS is a party to the action. Neither exception applies to this case.

Federal law also prohibits the disclosure of unemployment compensation records, except in specified circumstances that are inapplicable here. *See* 20 C.F.R. § 603.4-603.5. Regulations of the United States Department of Labor require that state unemployment laws include provisions for guarding the confidentiality of any

12

unemployment compensation information and must include a provision barring the disclosure of such information. *See* 20 C.F.R. §§ 603.2(b) and 2(j) and 20 C.F.R. § 603.4(b). These regulations contain only two exceptions: the first is when a court has previously issued a binding precedential decision that requires disclosure of this type, or a well-established pattern of prior court decisions have required disclosures in response to subpoenas from a local state or federal governmental official with authority to obtain such information by subpoena under state or federal law. *See* 20 C.F.R. § 603.7(b)(2).

Both Arkansas and federal law preclude disclosure of the materials requested in Plaintiffs' subpoena. See 20 C.F.R. § 603.7(a); Ark. Code Ann § 11-10-314(a)(1)-(2). The caselaw in this circuit firmly establishes that the requested records are not subject to disclosure. *See Burdue v. Int'l Paper Co.*, No. 2:14-cv-2173, 2016 U.S. Dist. LEXIS 21149, at *5 (W.D. Ark. Feb. 22, 2016); *Blackwell v. Alliant Techsystems, Inc.*, No. 13-00468-CV-W-GAF, 2014 U.S. Dist. LEXIS 198442, at *4 (W.D. Mo. June 9, 2014) (quashing subpoena for similar records). Very recently, Judge Brian S. Miller entered an order quashing a subpoena seeking privileged ADWS documents such as those requested by Plaintiffs. *See Purdy, et al. v. White Knight Limousine Inc., et al.*, No. 2:20-CV-00108-BSM, ECF Doc. 18 (E.D. Ark. March 5, 2021). A copy of the *Purdy*

order is attached as **Exhibit D**. For all of these reasons, the present motion should be granted, and the subpoena directed to Tracepoint should be quashed.

### e. Request for alternative relief.

In the event the subpoena is not quashed in its entirety, Tracepoint moves to modify the subpoena to preclude the production of the protected or privileged documents discussed herein. ADWS and Tracepoint offered to produce all of the documents relied upon by Tracepoint in preparing the requested forensic report. Such materials would have allowed Plaintiff and its forensic expert to conduct its own review of the exact same materials reviewed by Tracepoint to reach its own conclusions from the exact same data. Instead, Plaintiff insisted on obtaining Tracepoint's conclusions and analysis and necessitated the present motion.[1]

Tracepoint also moves in the alternative for a protective order pursuant to Rule 26. Fed. R. Civ. P. 26(c). Counsel for Tracepoint has conferred in good faith with counsel for Plaintiff in an effort to resolve this dispute. Counsel for the parties have engaged in lengthy conferences via email, which culminated in a phone conference between counsel on May 10, 2021.

---

[1] It should be noted that while ADWS has advised counsel it would be willing to produce this material in lieu of the forensic report, any such production would still need to account for the production of unemployment insurance information as noted in section (d) of the Argument above.

Good cause exists for entry of a protective order that restricts the use of any materials produced in response to the subpoena. Specifically, any materials produced should be treated as confidential, used only for purposes of this litigation, and should not be disclosed to anyone other than counsel and their staff, court personnel, necessary witnesses, or other necessary individuals identified in any order of the Court. Tracepoint also seeks a protective order requiring the return of all confidential materials, including any copies, to Tracepoint at the conclusion of this litigation.

WHEREFORE, Tracepoint, LLC prays this Court grant its Motion to Quash, quash Plaintiffs' subpoena, award costs and attorney's fees, and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

J. Carter Fairley, AR BIN 99068
cfairley@barberlawfirm.com
Adam D. Franks, AR BIN 2016124
afranks@barberlawfirm.com
BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
(501) 372-6175
*Attorneys for Tracepoint, LLC*