IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| SAMUEL ACKER and ARLAN PECKHAM, Each Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROTECH SOLUTIONS, INC.,<br><br>Defendant. | Case No. 4:20-cv-852-DPM<br><br>Hon. D.P. Marshall Jr. |

**Agreed Confidentiality Order**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. A third party producing documents or providing information, or a party in response to such production, may designate such documents or information during the course of this litigation under this Order.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by the producing party that it reasonably and in good faith believes is confidential, non-public information, including but not limited to: (a) information

prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the producing party has maintained as confidential; (d) medical information concerning any individual; (e) personally identifiable information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to this case. Information or documents that are available to the public may not be designated as Confidential Information.

3.   Designation.

A party may designate a document as Confidential Information for protection under this Order by affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The relevant confidentiality marking shall be applied prior to or at the time that the documents are produced or disclosed. Applying the relevant confidentiality marking to a document does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. Any copies that are made of any documents marked as Confidential Information shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4.   Depositions. Unless all parties agree on the record when the deposition testimony is taken, deposition testimony taken in this case shall be treated as though designated "CONFIDENTIAL" until the expiration of the 30th day after the transcript is delivered to any

party. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

    5.     Protection of Confidential Information.

        (A)    General Protections. Confidential Information shall not be used or disclosed by the Parties, their counsel, or any other persons identified in subparagraph (B) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified. Notwithstanding the foregoing, materials designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY shall only be disclosed as authorized in paragraph 5(B) below.

        (B)    Limited Third-Party Disclosures. The parties and their counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth below. Subject to these requirements, information designated as "CONFIDENTIAL" may be disclosed to the people in subparagraphs (1)-(9) below. Subject to these requirements, and in accordance with the procedure set out in Attachment A, information designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" may be disclosed to the people in subparagraphs (1) and (3)-(9) below.

The categories of people that may have access to Confidential Information are:

    (1)    Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants, Investigators, and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such experts have completed the certification contained in Attachment B (Acknowledgment of Understanding and Agreement to Be Bound)

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents or materials designated CONFIDENTIAL, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or deposition exhibits that are designated as CONFIDENTIAL pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. For materials designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, those materials shall only be shared with Experts, the Author, or recipient and shall not be shared with individual parties.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(C) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Should

materials designated under this Order be inadvertently disclosed or if there is unauthorized access to such materials, the party in possession of that materials under this Order shall (1) provide immediate notification to the party who produced such information advising them of the disclosure, (2) take reasonable steps to triage, rectify, or correct the inadvertent or unauthorized disclosure, and (3) cooperate with any investigation of that inadvertent or unauthorized disclosure and all reasonable actions necessary to correct the inadvertent or unauthorized disclosure to the same extent as if the materials belonged to that party.

      6.    Inadvertent Failure to Designate. (a) Non-privileged documents. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

      (b) Privileged documents. If information subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity, or a party's confidentiality obligations to a third party, is or has been inadvertently produced in this action, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product protections, or other ground for withholding to which any producing party would otherwise be entitled, and shall instead be treated as if there were no disclosure. If any producing party or non-party identifies such production materials and notifies the recipient, then after such notification

the recipient of the materials may challenge the privilege designation by presenting the information under seal to the Court, pursuant to Federal Rule of Civil Procedure 26(b)(5). Until the matter is resolved, the recipient agrees to sequester the specified information and any copies it has. If the Court finds the information is privileged or if the recipient does not challenge the privilege designation, then the recipient shall (1) return or destroy the specified documents containing the privileged information and any copies it has; (2) delete any versions of the documents on any databases it maintained; (3) retrieve all electronic and paper copies of the documents provided to any third parties, including experts; (4) destroy any notes that reveal the substance of the privileged information; and (5) make no use of the privileged information contained in the documents.

      7.      Storage of information. Materials designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" which contain confidential tax information must be securely stored by the parties.

      8.      Filing of Confidential Information. Information designated under this Order must not be filed on the public docket. If practicable, it should be redacted. Fed R. Civ. P. 5.2. If an entire page contains information designated under this Order substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated under this Order and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done. However, the party designating a document or information under this Order bears the burden of demonstrating that the designation is appropriate.

      9.      No greater production of specific documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it

requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(A) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(B) Judicial Intervention. If any dispute arises about confidentiality or materials subject to this Order, the parties will address it using the Discovery Disputes procedure in the Court's Final Scheduling Order.

11. Action by the Court. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. Use of Confidential Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without publicly disclosing the Confidential Information. The Court

may thereafter make such orders as are necessary to govern the use of such documents or information at trial. Notwithstanding the previous, any materials designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" under this Order shall only be offered into the record of this matter if the materials are maintained under seal with the Court. Further, any expert report or analysis offered into evidence by the parties may not contain any materials designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". All such materials relied upon to prepare such an expert report or analysis should be maintained outside of the report and only offered to the Court under seal. And, the use, at trial or depositions of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" material does not exceed that which is reasonably necessary for the intended purpose of the submission or use, and, further, provided that such materials bear the appropriate markings specified in this Order.

13. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(A) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(B) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(C) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to

protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14. Obligations on Conclusion of Litigation.

(A) Order Continues in Force. This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

(B) Obligations at Conclusion of Litigation. Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information under this Order, including copies as defined in Paragraph 3(a), shall upon request be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(C) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including

those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

        (D)    Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

    15.    Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

    16.    No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: 11 August 2021

_____
U.S. District Judge D.P. Marshall Jr.

| | |
|---|---|
| WE SO MOVE and agree to abide by the terms of this Order | WE SO MOVE and agree to abide by the terms of this Order |
| /s/ Thomas A. Zimmerman, Jr.<br>Signature | /s/ Ronald D. Balfour<br>Signature |
| Thomas A. Zimmerman, Jr.<br>Printed Name | Ronald D. Balfour<br>Printed Name |
| Counsel for: Plaintiffs | Counsel for: Defendant |
| Dated: August 11, 2021 | Dated: August 11, 2021 |

## ATTACHMENT A

1.  Documents marked "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" will be made available for inspection as follows:

    (A)  Any individual described in Paragraph 5(B)(6) above ("Reviewer") will be allowed to review the designated document, even in the presence of individuals described in Paragraph 5(B)(1).

    (B)  Materials available in only electronic form designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" under this Order ("Electronic Materials") shall be available for inspection as agreed upon by the parties.

2.  The following limitations will be placed on the printing and copying of Electronic Materials: **[NOTE: LIMITATIONS WILL NEED TO BE DISCUSSSED PENDING AGREEMENT ABOUT FUNCTIONALITY OF REPOSITORY TO BE USED AND HOW REVIEW WILL OCCUR.]**

    (A)  Reviewer may not copy, image, duplicate, photograph, or otherwise record or transmit any such Electronic Materials, including, for example and without limitation, to another computer, hard disk, PDA, CD, DVD, floppy disk, USB storage device, or any other medium other than by printing onto pre-numbered paper, as specified in subparagraph (b).

    (B)  Reviewer may download, save, and print out such portions of the Electronic Materials as are reasonably necessary to the analysis being performed by the Reviewer in connection with this action. Printouts shall be made only on paper numbered with production numbers and bearing the legends "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." The production numbers will be provided by the producing party to the Reviewer.

3.  "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" marked

information may also be presented to a witness in this action during the deposition or trial testimony of that witness, provided that the witness is an individual described in Paragraph 5(B)(6)-(9) of the Order. Any other use of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information by its receiving party requires the prior written authorization of the producing party or authorization of the Court.

## ATTACHMENT B

| | |
|---|---|
| SAMUEL ACKER and ARLAN PECKHAM, Each Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROTECH SOLUTIONS, INC.,<br><br>Defendant. | Case No. 4:20-cv-852-DPM<br><br>Hon. D.P. Marshall Jr. |

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

                                                         Signature